J-A03030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BR2D, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KELLY FEEKO AND JOSEPH FEEKO | |
| Appellees | No. 1379 MDA 2016 |

Appeal from the Order Entered August 4, 2016
In the Court of Common Pleas of Schuylkill County
Civil Division at No: S-1721-2013

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.: **FILED APRIL 12, 2017**

Appellant, BR2D, LLC, appeals from the August 4, 2016 order granting summary judgment in favor of Appellees, Kelly and Joseph Feeko.[1] We affirm.

On August 26, 2013, Appellant filed an action to quiet title, pursuant to Pa.R.C.P. No. 1061(b)(2) and (3),[2] in property located at 23 Center

---

[1] Appellee Joseph Feeko never actively participated in this matter.

[2] Rule 1061(b)(2) permits a quiet title action where the plaintiff seeks "to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien title or interest in land[.]" Pa.R.C.P. No. 1061(b)(2). Subsection (3) permits a quiet title action to "compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land[.]" Pa.R.C.P. No. 1061(b)(3).

Street, Parcel 09-13-0061.00 and 0 Center Street, Parcel 09-13-0059.001 (collectively the "Properties"), both of which are located in East Union Township, Schuylkill County. Appellant also alleged causes of action for conversion, trespass, unjust enrichment and ejectment.

According to the Schuylkill County Deed Book, Appellant transferred the Properties to Appellees by a Deed of July 9, 2004 (the "Deed"), for consideration of $1.00. Complaint, 8/26/2013, at Exhibit C. The Deed contains the signature Mary G. Dombrosky, Appellant's owner, but Appellant denied that Dombrosky signed the deed. *Id.* at ¶¶ 10-11, Exhibit C. The Complaint alleges, without elaboration, that the Deed is "falsified." *Id.* at ¶ 7. Appellant alleged it became aware of the Deed and Appellees' claims to the Properties in July of 2013. *Id.* at ¶ 8. Appellees filed preliminary objections on September 25, 2013. The trial court overruled the preliminary objections on October 17, 2013. Appellees answered the complaint on November 1, 2013.

On May 16, 2016, Appellant filed its pre-trial memorandum, explaining its theory of the case. According to the pre-trial memorandum, the transfer of the Properties "was premised on the oral promise by [Appellee] Joseph Feeko to pay the sum of $5,000.00 to [Appellant]." Appellant's Pre-Trial Memorandum, 5/16/2016, at 1. The memorandum explains that [Appellee] Joseph Feeko never paid, and Appellant continued to act as owner of the Properties, maintaining them and paying real estate taxes. *Id.* The

memorandum further explains that Appellee Kelly Feeko[3] never knew of the transfer of the Properties until her June 2013 divorce from Joseph Feeko. Thus, Appellant's sole theory in support of recovery was enforcement of the alleged oral agreement between Appellant and Appellee Joseph Feeko. *Id.* at 2.

On July 14, 2016, Appellees filed a motion for summary judgment, asserting that the statute of limitations and the statute of frauds barred any action on the alleged oral agreement. Appellant responded on July 20, 2016. On August 4, 2016, the trial court granted summary judgment in favor of Appellees. This timely appeal followed. Appellant's brief presents these questions:

I. Whether the court erred in granting summary judgment to Appellee Kelly Feeko, on the grounds that Appellant is time-barred under the statute of limitations from raising the issue of an oral contract, thus making Appellant's motion to amend its complaint moot.

II. Whether the court erred in granting summary judgment to Appellee Kelly Feeko, on the grounds that Appellant is barred under the statute of frauds from pursuing a claim based on an oral agreement for the sale of land.

III. Whether the court erred in granting summary judgment to Appellee Kelly Feeko, on the grounds that the discovery rule does not toll the statute of limitations.

Appellant's Brief at i.

---

[3] Both parties' briefs indicate that Appellee Kelly Feeko is remarried and her new married name is Kelly Treco.

The Pennsylvania Rules of Civil Procedure authorize any party to move for summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. No. 1035.2(1).

> As has been oft declared by this Court, summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt.

> On appellate review, then, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo.* This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010) (internal citations and quotation marks omitted). Rule 1035.3(a) requires the party opposing the motion to produce evidence essential to the cause of action, without merely resting upon the allegations or denials in the pleadings. Pa.R.C.P. 1035.3(a).

Instantly, Appellant has failed to produce any evidence that the Deed, which is notarized and bears the signature of Appellant's owner, was "falsified" as alleged in Appellant's complaint. Appellant's sole basis for challenging the validity of the Deed is its assertion that Appellees promised to pay $5,000.00 upon transfer of the Properties but never did so.

As Appellees and the trial court correctly note, the statute of limitations for "an express contract not founded upon an instrument in writing" is four years. 42 Pa.C.S.A. § 5525(a)(3). Appellant alleges an express oral contract that arose some time in 2004. Appellant tendered its promised performance on July 9, 2004, by executing the Deed. Appellees never made the allegedly agreed-upon payment. Appellant then waited until August 26, 2013, to file this action. Plainly, Appellant's action is barred by § 5523(a)(3).

Appellant relies on the discovery rule in hope of avoiding this result, but Appellant's reliance is misplaced.

> Generally, a cause of action first accrues when a party is injured[.]. […] The discovery rule is a judicially created exception that tolls the running of the applicable statute of limitations when an injury or its cause was not known or reasonably knowable. The discovery rule can toll the statute of limitations until a plaintiff could reasonably discover the cause of his injury in cases where the connection between the injury and the conduct of another is not apparent.

> If the injured party could not ascertain he was injured and by what cause within the limitations period, despite the exercise of reasonable diligence, then the discovery rule is appropriate. The test is objective but takes into account individual capacities and society's expectations of attention, knowledge, intelligence

and judgment for citizens to protect their own interests. The party who invokes the discovery rule has the burden of proving its applicability by establishing he acted with reasonable diligence in determining the fact and cause of his injury but he was unable to ascertain it. Thus, the key point that gives rise to application of the discovery rule is the inability of the injured party, despite the exercise of reasonable diligence, to know that he has been injured and by what cause.

This determination is a factual one as to whether the party, despite the exercise of reasonable diligence, was unaware of his injury and unable to determine its cause.

*Simon v. Wyeth Pharm., Inc.*, 989 A.2d 356, 365 (Pa. Super. 2009) (internal citations and quotation marks omitted).

Here, Appellant alleges the existence of an oral agreement that existed in 2004. As we have already noted, Appellant has failed to produce any evidence that the Deed, bearing the signature of Appellant's owner, was falsified. Thus, the facts of record establish that Appellant transferred the Properties, in accordance with the alleged agreement, in 2004. Appellant therefore cannot claim that it was unaware of the alleged injury until 2013, when Appellee Kelly Feeko first asserted her interest in the Properties. The discovery rule does not toll § 5525(a)(3) under these circumstances.

The trial court therefore did not err in granting Appellee's motion for summary judgment.[4]

_____

[4] We agree with the trial court that an amended complaint alleging a cause of action for breach of contract would be futile, as Appellant cannot overcome the bar of the statute of limitations. Furthermore, we need not
*(Footnote Continued Next Page)*

- 6 -

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/2017

---

*(Footnote Continued)* ―――――――――

address whether the statute of frauds provides an additional basis for affirming the trial court.